RECEIVED
JAN 2 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **PERRY LEE OLSON** | **CIVIL ACTION NO. 05-682-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN OF THE TEXAS DEPARTMENT OF JUSTICE, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Perry Lee Olson ("Petitioner"), pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on April 18, 2005. Petitioner is incarcerated in the Texas Department of Criminal Justice in Rosharon, Texas. He challenges the calculation of his Louisiana state court sentence. Petitioner names Richard Stalder as respondent.

Petitioner claims that on November 18, 1985, he was convicted of one count of simple arson in the Louisiana Eleventh Judicial District Court, Parish of Sabine. He claims he was then transferred to Texas, where he was convicted and sentenced for another charge. He claims he was then returned to Louisiana and on July 31, 1986, he was sentenced to ten years imprisonment. Petitioner claims that on May 20, 1990, he was returned to Texas and the State of Louisiana placed a detainer on him. He claims that on July 9, 1992, he was released on parole to the custody of the Louisiana Department of Probation and Parole. He claims that

on May 1, 1993, he was released pursuant to diminution of sentence. He claims his sentence completion date was determined to be December 30, 1997. Petitioner claims that on March 16, 1995, he was arrested in Texas and his Texas parole was revoked. He claims that the charges were subsequently dismissed. He claims that on February 4, 1998, he received a warrant informing him that his parole in Louisiana had been revoked. He claims that on February 19, 1998, the State of Louisiana placed a detainer on him.

In support of this petition, Petitioner alleges he is being denied credit on his Louisiana sentence for the time he served after the State of Louisiana placed a detainer on him. He further alleges the State of Louisiana placed a detainer on him after his Louisiana sentence was completed.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged

constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits in his amended petition (Doc. 7) that he did not seek review of his claims in the Supreme Court of Louisiana. Thus, Petitioner has failed to exhaust all available state court remedies prior to filing his petition in this Court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar

constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits in his amended petition (Doc. 7) that he did not seek review of his claims in the Supreme Court of Louisiana. Thus, Petitioner has failed to exhaust all available state court remedies prior to filing his petition in this Court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar

that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 20th day of January 2006.

**CC:SMH**

**MARK L. HORNSBY**
**UNITED STATES MAGISTRATE JUDGE**

H:\PRO SE\2254\EXHAUST\Olson.1-06.wpd